IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANDRÉS ROBERTO CRUZ-NIEVES,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO. 16-2244 (DRD)
(Criminal Case No. 13-005-01)

**OPINION AND ORDER**

Pending before the Court is Petitioner, Andrés Roberto Cruz-Nieves' *Motion to Correct Sentence under 28 U.S.C. § 2255* (Dkt. No. 1).[1] The United States of America has submitted its respective response in a way of *Motion to Dismiss* (Dkt. No. 30). For the reasons stated herein, the Court **GRANTS** the Government's Motion to Dismiss. *See* Dkt. No. 30.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was charged as part of a Three-Count Superseding Indictment with (1) carjacking, in violation of 18 U.S.C. §§ 2119(1) (hereinafter, "Count One"); and (2) use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See* Dkt. No. 62 in criminal case no. 13-005 (DRD). The petitioner entered a guilty plea as to both counts. Then, on October 27, 2014, the petitioner was sentenced to a term of imprisonment of 46 months as to Count One and 60 months as to Count Two, to be served consecutively with each other for a total term of 106 months. *See* Dkt. No. 116 in criminal case no. 13-005 (DRD). Judgment was

---

[1] The Court notes the petitioner subsequently filed a *Supplemental Brief in Support of Petitioner's Section 2255 Motion*, see Dkt. No. 19, and a *Memorandum in Support of Vacating the § 924(c) Conviction in the Light of Sessions v. Dimaya, 138 S.Ct. 1204 (April 23, 2018)*. See Dkt. No. 27.

entered on that same date. *See Id.* As the petitioner did not file a Notice of Appeal, his sentence became effective fourteen (14) days thereafter, that is, on November 10, 2014.

Then, on June 28, 2016 the petitioner initiated the instant matter pursuant to 28 U.S.C. § 2255 (Dkt. No. 1) claiming that as the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) (hereinafter, *Johnson II*) struck for vagueness the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), it invalidates the similarly worded residual clause of 18 U.S.C. § 924(e)(2)(B)(ii). *See* Dkt. No. 1.

On November 15, 2018, the Government filed a *Motion to Dismiss* (Dkt. No. 20) averring that the First Circuit has recently held that carjacking is a crime of violence under § 924(c)'s force clause. Thus, petitioner's § 2255 must be dismissed.

Petitioner puts forth an argument that is deeply researched, rich in references to case law, and well drafted. Yet, for the reasons articulated below, the Court must **GRANT** the Government's motion to dismiss. *See* Dkt. No. 30.

## I.  LEGAL ANALYSIS

Under § 2255, a prisoner prevails on his motion to vacate, set aside, or correct a sentence if the petitioner proves one of the following: (i) "the sentence was imposed in violation of the Constitution or laws of the United States," (ii) "the court was without jurisdiction to impose such sentence," (iii) "the sentence was in excess of the maximum authorized by law," or (iv) the sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

Petitioner's § 2255 action is based on his contention that (1) § 924(c)'s residual clause is unconstitutionally vague after *Johnson II*; and (2) that the crime of violence charged along with

violations to §§ 924 (c) and (j), that is, aiding and abetting a carjacking, fails to categorically qualify as a crime of violence under § 924(c)'s force clause.

Petitioner relies on *Welch*, wherein the Court held that Johnson constitutes "a substantive decision and so has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). *Johnson II*, in turn, held the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Supreme Court found the residual clause left "grave uncertainty about how to estimate the risk posed by a crime" because it tied "the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* at 2253. It also found the clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2254. Petitioner sustains that these two holdings apply to his conviction under § 924(c) for aiding and abetting in the brandishing of a firearm in furtherance of a crime of violence; in this case, a carjacking.

Pursuant to Section 924(c), it is a crime for "any person, who during and in relation to any crime of violence . . . use[] or carr[y] a firearm, or who in furtherance of any such crime possesses a firearm[.]" 18 U.S.C. § 924(C)(1)(A). Further, Section § 924(c) defines a crime of violence under the force clause as "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The residual clause, in turn, defines a crime of violence as "that by its nature, involv[ing] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The First Circuit has recently held that aiding and abetting a Hobbs Act Robbery[2] is a crime of violence under § 924(c)'s force clause, while holding that an aider and abettor is punishable as a principal, and thus no different for purposes of the categorical approach than one who commits the substantive offense. *See United States v. García-Ortiz*, 904 F.3d 102 (2018). Thus, for the purposes of the instant Petition, Cruz-Nieves is punishable as a principal and no different from the defendant who committed the substantive offense.

The First Circuit further explained that,

> "To assess whether a predicate crime qualifies as a 'crime of violence' under the force clause of § 924(c), 'we apply a categorical approach. That means we consider the elements of the crime of conviction, not the facts of how it was committed, and assess whether violent force is an element of the crime.'"

*United States v. Cruz-Rivera*, 904 F.3d 63, 66 (1st Cir 2018)(quoting *United States v. Taylor*, 848 F.3d 476, 491 (1st Cir.), *cert. denied*, ___ U.S. ___, 137 S. Ct. 2255, 198 L.Ed.2d 689 (2017). The Hobbs Act Robbery statute, defines the term "robbery" as,

> "[T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, <u>by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property</u>, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining."

Id. § 1951(b)(1)(emphasis ours).

In turn, the federal carjacking statute provides that "[w]hoever, <u>with the intent to cause death or serious bodily harm</u> takes a motor vehicle that has been transported, shipped, or

---

[2] "Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both. 18 U.S.C. § 1951.

received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall . . . be fined under this title or imprisoned not more than 15 years or both." 18 U.S.C. §§ 2119, 2119(1)(Emphasis ours). Thus, the elements of the offense of carjacking under § 2119 require that the Government proves that the defendant committed said offense "with the intent of causing death or serious bodily harm". *See Id.* Petitioner contends that the aforementioned statute does not satisfy § 924(c)(3)(A)'s force clause because "[w]hat our hypothetical robber, carjacker did was 'jack' a car [,] what our carjacker did not do is use violent force or put anyone in fear of experiencing violent force. . ." Dkt. No. 27, p. 4.

Herein, the petitioner was convicted, among others, for aiding and abetting a carjacking offense and aiding and abetting in the use of a firearm during and in relation to a crime of violence. *See* Counts One and Two, *supra*. Considering the elements of a carjacking offense, namely, "whoever, with the intent to cause death or serious bodily harm takes a motor vehicle . . . from the person or presence of another by force and violence or by intimidation . . .", the Court is bound to conclude that violence is required as part of the offense. Most critical and determinative, the First Circuit has concluded that a carjacking offense is a crime of violence under the force clause. *See Cruz-Rivera* at 66.

Thus, consistent with the First Circuit's determination, the Court finds it is irrelevant whether § 924(c)'s residual clause is unconstitutional as the type offense committed by the petitioner causes that the crime be considered "a crime of violence" as the federal carjacking statute contains the element of committing the crime "<u>with intent to cause death or bodily harm.</u>" 18 U.S.C. § 2119 (Emphasis ours). Petitioner effectively pleaded guilty and was sentenced

5

in the instant case of aiding and abetting to take a motor vehicle with intent to cause death or serious bodily injury and carrying a firearm during and in relation to said carjacking offense.

Accordingly, the Court need not to proceed further. The Court holds that Cruz-Nieves' offense falls within the § 924(c) force clause. More importantly, the petitioner was found guilty of a carjacking offense which has been consistently ruled as a "crime of violence" as said offense requires the "intent to cause death or serious bodily harm." *See* 18 U.S.C. § 2119; *see also Cruz-Rivera*, 905 F.3d at 66. Thus, the Government's motion to dismiss is hereby **GRANTED**.

### III. CONCLUSION

For the reasons elucidated above, the Court **GRANTS** the Government's motion to dismiss (Dkt. No. 30), therefore, **DENYING** petitioner's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody* (Dkt. No. 1), *Supplemental Brief in Support of Petitioner's Section 2255 Motion* (Dkt. No. 19) and *Memorandum in Support of Vacating the § 924(c) Conviction in Light of Sessions v. Dimaya, 138 S.Ct. 1204 (April 23, 2018)* (Dkt. No. 27). Judgment of dismissal is to be entered accordingly.

It is further ordered that no certificate of appealability be issued in the event that the petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional or statutory right within the meaning of 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of April, 2019.

*S/ Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge